# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

MILTON LEON TERRY, #1102778,

          Petitioner,

v.                                                                                                  ACTION NO. 2:12cv456

HAROLD CLARKE,
Director of the Virginia Department of Corrections,

          Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

Petitioner Milton Leon Terry ("Petitioner" or "Terry") is in state custody pursuant to convictions on August 7, 2008, in the Circuit Court for the County of Powhatan, for two counts of distribution of cocaine. As a result of the convictions, Petitioner was sentenced to serve two 15-year terms in the Virginia penal system and was fined $300,000. Terry's appeals to the Virginia Court of Appeals were denied on September 16, 2009 and January 8, 2010. *Terry v. Comm. of Virginia*, Record No. 2799-08-2. On June 15, 2010, the Supreme Court of Virginia refused Terry's petition for appeal. *Terry v. Comm. of Virginia*, Record No. 100244.

On May 23, 2012, the Supreme Court of Virginia dismissed Terry's petition for writ of habeas corpus. *Terry v. Dir. of the Dept. of Corrections*, No. 111814, slip op. at 4.

On August 16, 2012, Terry filed a petition seeking a writ of habeas corpus in this Court under 28 U.S.C. § 2254. Pet. 1; ECF No. 1. Terry asserts he is entitled to relief under 28 U.S.C. § 2254 on the following grounds:

> A. he was denied effective assistance of counsel due to counsel's failure to obtain an expert witness to evaluate speech patterns on an audio tape of the drug transaction made by the Powhatan Sheriff's Office;
>
> B. he was denied effective assistance of counsel due to counsel's failure to effectively cross-examine the key prosecution witness Adrienne Berry;
>
> C. he was denied effective assistance of counsel due to counsel's failure to adequately present to the trial court Terry's motion to sever the trial between Terry and Terry's wife;
>
> D. the trial court abused its discretion in denying Terry's motion to sever Terry's trial from that of Terry's wife;
>
> E. the prosecutor committed misconduct by suborning perjury of the Commonwealth's key witness Adrienne Berry; and,
>
> F. he was denied effective assistance of appellate counsel due to counsel's failure to include an assignment of error concerning the failure of the trial court to require full disclosure of the informant's criminal background and any promises made to the informant in exchange for her testimony.

Pet. 20-31.

Respondent filed a Rule 5 Answer and Motion to Dismiss the petition on January 2, 2013 (ECF Nos. 8 & 9), and Terry filed an opposition on January 22, 2013. ECF No. 13. Therefore, the matter is ripe for adjudication.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. Exhaustion**

In order for this Court to review the merits of Terry's claims, each claim must be exhausted. *See* 28 U.S.C. § 2254(b) (2012). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993); *see also*, *Jones v. Sussex I State Prison*, 591 F.3d 707, 712-13 (4th Cir. 2010). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (*citing Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997). All of Terry's claims are exhausted because they were presented to the Supreme Court of Virginia in Terry's state habeas petition.

**B. Procedural Default**

The Court can only address the merits of claims that have not been procedurally defaulted in the state court. *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998). A claim is procedurally defaulted when a state court refuses review of the claim under an adequate and independent state procedural rule. *Id.*; *see also*, *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."). A state procedural rule is adequate if it is firmly established and regularly followed. *McNeil v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007) (citing *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)). It is independent if it does not depend on a federal constitutional ruling.

*Id.* (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

In Claim E, Terry alleges the prosecutor committed misconduct by suborning perjury of the Commonwealth's key witness Adrienne Berry. Pet. 29. On state habeas review, the Virginia Supreme Court held, under *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (1974), that this claim "is barred because this non-jurisdictional issue could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for a writ of habeas corpus." *Terry v. Dir.*, No. 111814, slip op. at 4. *Slayton* has consistently been held to constitute an adequate and independent state procedural rule. *See Fisher*, 163 F.3d at 844 ("We have repeatedly recognized that 'the procedural default rule set forth in *Slayton* constitutes an adequate and independent state law ground for decision.'" (quoting *Mu'min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1997), *cert. denied*, 522 U.S. 978 (1997))). Therefore, this Court recommends that Terry's Ground E be DENIED as procedurally defaulted.

**C. Merits Standard of Review**

Under 28 U.S.C. § 2254, this Court may not grant relief on any claim that was adjudicated on its merits in State court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2012).

A state court decision is "contrary to" clearly established federal law when a state court arrives at a conclusion opposite that of the Supreme Court on a question of law, or when a state

court decides a case differently than the Supreme Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision constitutes an "unreasonable application" of federal law when the court identifies the correct governing legal principal from the decisions of the Supreme Court, but unreasonably applies that principal to the facts of the case. *Id.* at 413. A state court need not cite to, or even be aware of, relevant Supreme Court precedent "so long as neither the reasoning nor the result" contradicts or unreasonably applies the law. *Early v. Packer*, 537 U.S. 3, 8 (2002). As this is a deferential standard of review, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 386-89.

**D. Merits Review**

Terry's five remaining claims assert ineffective assistance of counsel at trial, and, therefore, must meet the standard for ineffective assistance of counsel claims established by *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a review of counsel's performance, to determine 1) whether it fell below an objective standard of reasonableness and 2) whether Petitioner suffered actual prejudice as a result. *Strickland*, 466 U.S. at 687-96. The "performance prong" of review under *Strickland* requires Petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The "prejudice prong" requires Petitioner to show that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

5

at 694. In order to meet the burden of establishing a reasonable probability of a different result, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Petitioner must show "probability sufficient to undermine confidence in the outcome." *Id.* at 694. If a claim may be disposed of under one prong, analysis under the remaining prong is not required. *Id.* ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). Because these claims are presented in a petition for federal habeas review under § 2254, Terry must show that the Supreme Court of Virginia's dismissal of his ineffective assistance of counsel claims was contrary to, or an unreasonable application of, the *Strickland* standard. 28 U.S.C. § 2254.

### 1. Ground A

In Terry's first claim, he alleges that his trial counsel was ineffective because he failed to obtain an expert witness to evaluate speech patterns on an audio tape made by the Powhatan Sheriff's Office of the drug transaction. Pet. 20. Terry contends the female informant testified that there were only three people present during the drug transaction, the informant, Terry and Terry's wife. Pet. 22. Terry argues that an expert witness certified in voice analysis could have testified that the male voice on the audio recording was not Terry's, impeaching the informant's credibility and proving Terry's innocence. *Id.*

The Supreme Court of Virginia found that Terry failed to proffer an affidavit to verify that an expert would have testified as he contends, and Terry did not establish that such evidence would have been admissible expert testimony. *Terry v. Dir.*, Record No. 111814, slip op. at 2. Consequently, applying *Strickland*, the court found Terry failed to demonstrate that counsel's

performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of his trial would have been different. This Court finds that the Supreme Court of Virginia did not contravene or unreasonably apply the *Strickland* standard or unreasonably interpret the facts in evaluating Terry's first ineffective assistance of counsel claim. Therefore, Terry's Ground A should be DENIED.

### 2. Ground B

In Ground B, Terry alleges his trial counsel was ineffective in that he failed to effectively cross-examine the key prosecution witness and informant Adrienne Berry. Pet. 23. Terry asserts Adrienne Berry was a convicted drug felon, had served weekend jail time, was facing DUI and probation violation charges, and had previously been convicted of obstruction of justice. *Id.* at 23-24. Terry further asserts that Adrienne Berry gave inconsistent statements about the type of vehicle in which Terry made the drug purchases and the cell phone number she used to contact Terry, and could not remember whether the drug transaction occurred during the day or night. *Id. at 23*. Terry asserts defense counsel was ineffective for failing to disclose the complete background of the prosecution's key witness, and impeach the witness using prior inconsistent statements. *Id.*

The Virginia Supreme Court found that Terry failed to satisfy either the performance or prejudice prongs of the *Strickland* test. *Terry v. Dir.*, Record No. 111814, slip opinion at 2. The court noted that during direct examination, informant Berry discussed her criminal background. *Id.* at 3. The court further explained that trial counsel cross-examined informant Berry concerning the time of day the transaction occurred, the cell phone Berry used to contact Terry, and Barry's jail time and prior convictions. *Id.* Terry failed to articulate what additional

7

questions counsel should have asked, or what information would have been elicited if counsel questioned informant Berry about the type of car she drove. *Id.*

The record reflects the witness testified that she had a prior conviction for possessing cocaine and two DUI convictions, that she had served weekend jail time for one of the DUI convictions, that she had positive drug screens while on probation, and that she had a pending DUI case. Trial Tr., 41-47, Aug. 7, 2008. The transcript further reflects that trial counsel cross-examined the witness about her criminal history (Trial Tr. 49-50, 61-66), about whether she was being "paid" for her testimony against Terry because she had not been convicted in the third DUI case (Trial Tr. 64), the time of day the events in the case took place (Trial Tr. 54, 56-57), and the cell number the witness called (Trial Tr. 58, 66-68). This Court finds that the Supreme Court of Virginia did not contravene or unreasonably apply the *Strickland* standard or unreasonably interpret the facts. Therefore, Terry has failed to satisfy the performance or prejudice prongs of *Strickland* on this claim, and Ground B should be DENIED.

### 3. Ground C

In Ground C, Terry alleges his trial counsel was ineffective in that he failed to adequately present to the trial court Terry's motion to sever the trial between Terry and Terry's wife. Pet. 25. Evidence was introduced at trial that Terry's wife had sold crack cocaine in the past, and Terry argues the jurors unreasonably associated that evidence with him. *Id.* at 26. Terry further argues that if separate trials had been held, defense counsel would have been able to demonstrate that the informant implicated Terry's wife as "being more of the 'go to' person in the purported drug transaction." *Id.* at 27. The Supreme Court of Virginia found that Terry failed to prove either the performance or the prejudice prongs under *Strickland*. *Terry v. Dir.,* No. 111814, slip

8

op. at 3.

The record demonstrates that Terry's counsel moved to sever the cases prior to trial, and objected to the trial court's remedy to "sanitize" a statement made by Terry's wife. Hrg. Tr., 8-12, June 9, 2008. In addition, counsel raised this issue on direct appeal to the Court of Appeals of Virginia, and to the Supreme Court of Virginia. Terry has failed to satisfy either prong of *Strickland* on this claim, *Strickland*, 466 U.S. at 694, and Claim C should be DENIED.

### 4. Ground D

In Ground D, Terry alleges the trial court abused its discretion in denying Terry's motion to sever Terry's trial from that of Terry's wife. Pet. 27. Terry asserts that the relationship between husband and wife creates a prejudice when trying them jointly. *Id.* at 28. As a result, jurors hearing that Terry's wife had a history of selling cocaine would assume that Terry either approved or was directly involved in selling drugs himself. *Id.*

On habeas review, the Supreme Court of Virginia held this claim was barred because the issue was raised and decided in the trial court and on direct appeal, and therefore, could not be raised in a habeas corpus petition under *Henry v. Warden*, 576 S.E.2d 495, 496 (2003). *Terry v. Dir.*, No. 111814, slip op. at 4. When raised on direct appeal, the Supreme Court of Virginia refused the petition. The Fourth Circuit has held that a denial of appeal by the Virginia Supreme Court is "no less an 'adjudication' of the merits of the claim and must be reviewed under the deferential provisions of § 2254(d)(1)." *Bell v. Jarvis*, 236 F.3d 149, 158 (4th Cir. 2000). Accordingly, this Court must apply the same deferential standard of §2254 to a review of the decision of the Supreme Court of Virginia refusing Terry's direct appeal. Moreover, the Supreme Court of Virginia is presumed to have affirmed the conviction for the same reason

9

given by the Court of Appeals of Virginia. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) (holding "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."). Therefore, this Court reviews the decision of the Court of Appeals of Virginia, the last reasoned decision of the state court rejecting the claim. *Id.*

The Court of Appeals of Virginia found no error in the trial court's refusal to sever Terry's trial from that of his wife, because Terry failed to show he suffered actual prejudice during the course of the trial. *Terry v. Comm.*, Record No. 2799-08-2, slip op. at 2 (Sept. 16, 2009). The court relied on the following holding in *Adkins v. Comm.*, 480 S.E.2d 777, 779 (Va. App. 1997),

> "In determining whether a joint trial would prejudice a defendant, the trial court should require '[t]he party moving for severance [to] establish that *actual prejudice* would result from a joint trial.'" *Goodson v. Commonwealth,* 22 Va. App. 61, 71, 467 S.E.2d 848, 853 (1996) (analogizing standard of Code § 19.2-262.1 to prejudice standard of Fed. R. Crim. P. 14) (quoting *United States v. Reavis,* 48 F.3d 763, 767 (4th Cir.) (emphasis added), *cert. denied,* 515 U.S. 1151, 115 S.Ct. 2597, 132 L.Ed.2d 844 (1995)). Actual prejudice results only when "there is a serious risk that a joint trial would compromise a specific trial right of [defendant], or prevent the jury from making a reliable judgment about guilt or innocence." *Barnes v. Commonwealth,* 22 Va. App. 406, 412, 470 S.E.2d 579, 582 (1996) (quoting *Zafiro v. United States,* 506 U.S. 534, 539, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993)).
>
> We recognize that prejudice may result when evidence inadmissible against a defendant, if tried alone, is admitted against a codefendant in a joint trial. *See id.* However, a "defendant has no right to exclude relevant and competent evidence, such as the testimony of a former co-defendant," *id.* at 412-13, 470 S.E.2d at 582, despite "the impression that [they] may be hostile to each other's position." *Goodson,* 22 Va. App. at 71, 467 S.E.2d at 853. "'The risk of prejudice will vary with the facts in each case,'" and the decision to permit a joint trial is entrusted to the sound

10

> discretion of the trial court. *Barnes,* 22 Va. App. at 412, 470
> S.E.2d at 582 (quoting *Zafiro,* 506 U.S. at 541, 113 S.Ct. at 939);
> *see* Code § 19.2-262.1. The court must balance the specter of
> prejudice with "the effectiveness of ... measures to cure any such
> risk, such as limiting instructions." *Barnes,* 22 Va. App. at 412,
> 470 S.E.2d at 582.

*Terry v. Comm.*, Record No. 2799-08-2, at 2. The court noted that Terry's wife's statement to police implicated only herself in the drug transaction. *Id.*

The portion of his wife's statement incriminating Terry was not presented to the jury. Hrg. Tr. 9-11; Trial Tr. 115-16. Instead, the detective's testimony was that, following arrest on these charges, Terry's wife admitted to having sold drugs in Powhatan and Goochland counties in the past. Trial Tr. 115-16. The trial court found that this general statement would not prejudice Terry. Hrg. Tr. 11-12. The Court of Appeals of Virginia's decision finding no error in the trial court's refusal to sever the trials was not contrary to, nor an unreasonable application of Federal law as established by *Zafiro v. United States*, 506 U.S. 534, 539 (1993), and *Bruton v. United States,* 88 S.Ct. 1620 (1968) (holding that a defendant's rights under the Confrontation Clause of the Sixth Amendment are violated by the admission of a nontestifying codefendant's confession that incriminates the defendant). Therefore, Ground D should be DENIED.

### 5. Ground F

In his last claim, Terry asserts he was denied effective assistance of appellate counsel due to counsel's failure to include an assignment of error concerning the failure of the trial court to require full disclosure of the informant's criminal background and any promises made to the informant in exchange for her testimony, resulting in a procedural bar to Terry's raising those claims on habeas appeal. Pet. 31. The Virginia Supreme Court held that "[t]he selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not

address every possible issue on appeal." *Terry v. Dir.,* No. 111814, slip op. at 5. Relying on *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983), the Virginia Supreme Court found no evidence that the appellate counsel had performed deficiently, or that the failure to raise this issue on appeal prejudiced Terry. *Id.*

The informant was questioned about her criminal history on direct examination and during cross-examination. Trial Tr. 41-47, 49-50, 61-66. She was specifically questioned about any promises made in exchange for her testimony. Trial Tr. 64. Consequently, appellate counsel was not ineffective for failing to raise this claim on appeal. Under *Barnes*, appellate counsel is not required to raise every nonfrivolous claim, but should rather select the most meritorious claims in order to maximize the likelihood of success on appeal. *Jones v. Barnes*, 463 U.S. at 751-52. The Supreme Court of Virginia's application of *Barnes* and *Strickland* was not unreasonable, and Terry's Ground F should be DENIED.

Accordingly, because Terry has failed to demonstrate both deficient performance by counsel and resulting prejudice on any of his five ineffective assistance of counsel claims, the state court reasonably applied *Strickland* in denying Terry's petition for habeas relief. Terry has not asserted circumstances sufficient to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Therefore, under 28 U.S.C. § 2254, this Court may not grant relief on Terry's federal petition.

### III. **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the petition for a writ of habeas corpus (ECF No. 1) be DENIED and the Respondent's Motion to Dismiss (ECF No. 8) be

GRANTED.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. §636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party=s objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

~~~~~~~~~~~~~~/s/~~~~~~~~~~~~~~~~~
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
June 19, 2013

# **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Milton Leon Terry, #1102778
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870

Steven A. Witmer, Esq.
Office of the Attorney General
900 E. Main St.
Richmond, VA 23219

                                          Fernando Galindo, Clerk

                        By _____
                               Deputy Clerk

                               June            , 2013